JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Martez Cornett, appeals from his conviction for domestic violence, in violation of R.C. 2919.25(A), a felony of the third degree based upon the fact that he had two prior convictions for the same offense. In his single assignment of error, he argues that his conviction was contrary to the manifest weight of the evidence. We disagree.
Initially, we note that although Cornett and the mother of his child were not married at the time of the offense, neither the state nor Cornett has raised the issue of whether the constitutional amendment adopted by voters on November 2, 2004, Section 11, Article XV, Ohio Constitution, precludes the application of Ohio's domestic-violence statute to this case. That amendment defines marriage as the union between one man and one woman and provides that Ohio and its political subdivisions "shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significant or effect of marriage." Because neither party has raised the issue of the amendment's applicability, that issue is not before us.
The crux of Cornett's appeal is that the trial court erred by finding credible the testimony of the victim, Renee Wynn, Cornett's girlfriend with whom he lived and had a child. According to Cornett, Wynn was a "self-professed lier [sic]." Having reviewed the record, we perceive some inconsistencies in Wynn's testimony, but none so great that they would necessarily have affected her claim that Cornett, angry over an incident that had occurred between her and another man a few nights before, had woken her up in the morning and slammed her across their bed, choking her violently. Cornett admitted that on the night of the alleged incident he was so upset when Wynn did not return home on time that he tore up some of her clothes. Later, the same day as the alleged domestic violence, Cornett was involved with Wynn in an incident outside the other man's house after he had forced Wynn to drive him there. When Wynn tried to drive away, Cornett hurled himself onto the couple's vehicle, smashing the windshield. The police officer who responded to Wynn's 911 call soon thereafter stated that Wynn appeared "very fearful" and told her of the earlier choking incident and of Wynn's desire to go back to the couple's apartment and get her belongings in order to move out.
When a court reviews the record on a weight-of-the-evidence challenge, the court sits as a "thirteenth juror" (or, in this case, a second judge) and may disagree with the fact finder's resolution of disputed facts.State v. Thompkins, 79 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. But only if we can conclude that the fact finder lost its way and created a manifest miscarriage do we have the power to reverse, and then only in the exceptional case "in which the evidence weighs heavily against the conviction." Id., quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717. Normally, matters of credibility are best left to the determination of the fact finder, which has the distinct advantage of observing the demeanor of the witness. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of syllabus.
In sum, we conclude that this is not the exceptional case and that the trial court did not lose its way or commit a manifest miscarriage of justice in convicting Cornett. His single assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.